P Send

FILED
CLERK, U.S. DISTRICT COURT

JUN 14 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERI DEMSKY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50,<br><br>Defendants. | CV 07-2839 FMC (PJWx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND |



#14

DOCKETED ON CM
entered
JUN 14 2007
BY _____ 085

This matter is before the Court on Defendant Merck & Co., Inc.'s unopposed Motion to Stay Proceedings (docket no. 11) and Plaintiffs' Motion to Remand to State Court (docket no. 13), filed on May 24, 2007, and May 29, 2007, respectively. The Court has considered the documents submitted in connection with the motions and deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearings set for June 18, 2007, and

July 2, 2007, are removed from the Court's calendar. For the reasons and in the manner set forth below, the Court **GRANTS** Defendant's Motion to Stay and **DENIES** Plaintiffs' Motion to Remand without prejudice to the filing of a renewed motion in the event that the Judicial Panel on Multidistrict Litigation (JPML) does not transfer this case to Multidistrict Litigation (MDL) No. 1789, *In Re: Fosamax Prods. Liab. Litig.*

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs took the prescription drug Fosamax, which is manufactured and sold by Defendant Merck & Co., Inc. (Merck) and distributed by Defendant McKesson Corporation (McKesson). Plaintiffs filed their Complaint in the Superior Court for the State of California, County of Los Angeles, on April 18, 2007. Plaintiffs allege, *inter alia,* that Defendants misrepresented (affirmatively and through a failure to warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's Disease, and other conditions. Plaintiffs further allege that, as a proximate result of ingesting Fosamax, they have been permanently and severely injured.

On April 30, 2007, Defendant Merck removed the action to this Court on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a California citizen, is fraudulently joined. In their motion to remand, Plaintiffs argue that joinder was proper. In its Motion for Stay, Merck maintains that resolution of the question of the propriety of Plaintiffs' joinder of McKesson should be deferred pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and that all other proceedings in this action should be stayed until such time.

## STANDARD OF LAW

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers*

*of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## DISCUSSION

A stay of all proceedings until such time as the JPML renders its final decision regarding transfer is in the interest of judicial economy. A steady succession of cases involving the drug Fosamax are being filed in this district and other districts throughout the country and are awaiting transfer to the MDL proceedings.[1] Given the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) that present the precise question of the propriety of joinder of Defendant McKesson and/or other "distributor" defendants. Consideration of Plaintiffs' remand motion by this Court at this juncture would therefore run the risk of inconsistent rulings among different judges in different districts and/or would constitute an inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion to relate all Zyprexa cases naming McKesson Corporation in this district, judges in other California districts would nonetheless have to decide the issue, thus resulting in unnecessarily duplicative litigation, an inefficient use of judicial resources, and the risk of inconsistent results.").

---

[1] According to the JPML website, there are now 154 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/ (follow "Pending MDLs," then "Distribution of Pending MDL Dockets").

3

## CONCLUSION

Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 14) is **GRANTED**. Proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier.

Plaintiffs' Motion to Remand (docket no. 11) is **DENIED** without prejudice to the filing of a renewed motion if transfer is denied.

**IT IS SO ORDERED.**

Dated: June 14, 2006

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT